Filed 11/13/20  P. v. Moreland CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br> v. <br> RALPH DENNIS MORELAND, <br><br> Defendant and Appellant. | A159201 <br><br> (Solano County <br> Super. Ct. No. FC41355) |

MEMORANDUM OPINION[1]

Defendant Ralph Dennis Moreland was convicted in 1996 of two counts of first degree murder and two counts of second degree robbery.  The jury did not find true that defendant personally used a firearm but did find true special circumstances for multiple murder and murder committed during a robbery.  On direct appeal, defendant did not challenge the sufficiency of the evidence to support the multiple murder and murder during a robbery special circumstance findings.  Rather, he challenged, *inter alia*, the sufficiency of the evidence to support instructions on, and convictions of, aiding and abetting murder.  He also challenged the separate sentences for the

---

[1] This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

robberies, invoking the principle that a defendant convicted of felony murder cannot be separately sentenced for the predicate felony. We affirmed.

Following the enactment of Penal Code section 1170.95,[2] defendant filed a petition for resentencing. After appointing counsel, receiving additional briefing, and holding two non-evidentiary hearings, the trial court ruled defendant failed to make a prima facie showing of entitlement to resentencing.

Defendant's appeal boils down to the assertion that because the jury's robbery special circumstance finding pre-dated *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), he necessarily made a prima facie showing of entitlement to resentencing and therefore is entitled to an evidentiary hearing at which the prosecution must prove beyond a reasonable doubt that defendant could be convicted of first degree murder despite recent amendments to section 189.

Even assuming defendant correctly characterizes his conviction as having been for robbery felony murder (a proposition which is debatable given our prior opinion on direct appeal wherein we concluded there was sufficient evidence to support instructions on and convictions of aiding and abetting *murder*), we conclude he is not, as a matter of law, entitled to resentencing under section 1170.95 for the reasons set forth in the recent opinion of *People v. Jones* (Cal. Ct.App., Oct. 23, 2020, No. E072961) 2020 WL 6277251 (*Jones*), and the line of cases with which it agrees.

As the *Jones* court observed, "[o]ur appellate courts have recently split over whether such a pre-*Banks/Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of law.

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

(Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, 265 . . . , review granted October 14, 2020, S264033 (*Gomez*), *People v. Galvan* (2020) 52 Cal.App.5th 1134 . . . , review granted October 14, 2020, S264284 (*Galvan*), and *People v. Allison* (2020) 55 Cal.App.5th 449 . . . (*Allison*) [concluding [a] special circumstance finding renders a petitioner ineligible for relief as a matter of law], with *People v. Torres* (2020) 46 Cal.App.5th 1168 . . . , review granted June 24, 2020, S262011 (*Torres*), *People v. Smith* (2020) 49 Cal.App.5th 85 . . . , review granted July 22, 2020, S262835 (*Smith*), and *People v. York* (2020) 54 Cal.App.5th 250 . . . (*York*) [reaching the opposite conclusion].)" (*Jones, supra,* 2020 WL 6277251 at \*1.)

We need not, and do not, repeat the analyses in what we will call the *Jones* line of cases. In our view, this line of cases correctly concludes a robbery special circumstance finding renders a defendant ineligible for resentencing and the proper procedure for challenging the sufficiency of the evidence to support a pre-*Banks/Clark* finding is by way of a habeas corpus petition.

As the *Jones* court observed, "[t]he only difference . . . between a pre-*Banks/Clark* special circumstance finding and a post-*Banks/Clark* finding is at the level of appellate review. If the finding was challenged on direct appeal before *Banks* and *Clark,* appellate review of the sufficiency of the evidence to support the finding was not informed by *Banks* and *Clark.* Thus, the proper procedure for [a defendant] to challenge his special circumstance finding is to file a habeas petition and demonstrate the finding is not supported by sufficient evidence under *Banks* and *Clark.* (See [*People v.*] *Ramirez* [(2019)] 41 Cal.App.5th [923,] 926-928, 933 . . . [directing trial court to grant [defendant]'s section 1170.95 petition because he had been successful in getting his special circumstance finding vacated on habeas review].) This

3

postconviction procedure has been available to [defendant] since the issuance of *Banks* in 2015." (*Jones, supra,* 2020 WL 6277251 at \*4.) The same is true with respect to defendant here.

## DISPOSITION

The order denying defendant's resentencing petition under section 1170.95 is AFFIRMED.

_____

Banke, J.


We concur:


_____

Humes, P.J.


_____

Margulies, J.


A159201, People v. Moreland